# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 07-CV-4136 (JFB) (ARL)
_____

JOAN O'GRADY,

Plaintiff,

VERSUS

MIDDLE COUNTRY SCHOOL DISTRICT NO. 11,

Defendant.

_____

MEMORANDUM AND ORDER
April 22, 2008
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Joan O'Grady (hereinafter, "plaintiff") brings this action against her former employer, defendant Middle Country School District No. 11 (hereinafter, "defendant" or the "District"), alleging that the terms of her retirement plan violated her rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA") and the New York State Human Rights Law. Defendant moves to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), on several grounds. For the reasons set forth below, the Court denies defendant's motion.

## I. FACTS

The following facts are taken from the complaint and are not findings of fact by the court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

Plaintiff began working for defendant in 1966. (Compl. ¶ 11.) At the time of her retirement in 1998, therefore, she had at least 30 years of credit in the teacher's retirement system. (Compl. ¶ 13.) She received an additional two years as a retirement incentive. (Compl. ¶ 13.)

Plaintiff alleges that, at the time she retired from defendant's employ, defendant maintained a policy under which it paid one hundred percent of the costs of health insurance benefits of its retired employees – and of their spouses – if the employee retired by the time she was 55 years old. (Compl. ¶ 15.) Plaintiff alleges that the defendant also maintained a policy under which it paid fifty percent of the costs of health insurance

benefits of its retired employees – and thirty five percent of the costs of health insurance benefits of their spouses – if the employee retired after reaching the age of 55. (Compl. ¶ 16.)

According to the complaint, because plaintiff was older than 55 when she retired, she is subject to the latter policy. (Compl. ¶¶ 18, 20.) Plaintiff alleges that defendant's policy discriminates against her on the basis of her age. (Compl. ¶ 23.)

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.*

## III. DISCUSSION

Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that: (1) plaintiff's claims are time-barred; (2) plaintiff has waived her right to benefit from the terms of the collective bargaining agreement out of which she opted in favor of the plan at issue; and (3) the terms of this plan do not violate the ADEA. For the reasons set forth below, the Court disagrees with each of defendant's grounds for dismissing the complaint.

### A. Timeliness

In order to assert an ADEA claim in federal court, a plaintiff must file an administrative charge alleging discrimination within 300 days of the alleged discriminatory conduct. *See Ruhling v. Tribune Co.*, No. 04 Civ. 2430 (ARL), 2007 U.S. Dist. LEXIS 116, at *24 (E.D.N.Y. Jan. 3, 2007) ("Under Title VII and the ADEA, a plaintiff must file an administrative charge . . . within 300 days after a claim accrues."); *Hill v. Citibank Corp.*, 312 F. Supp. 2d 464, 472 (S.D.N.Y. 2004). This statutory filing period is "analogous to [] statute[s] of limitations," *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996), and, as such, "a failure to timely file a charge acts as a bar to a plaintiff's action." *Butts v. N.Y. City Dep't of Hous. Pres. & Dev.*, No. 00 Civ. 6307 (KMK), 2007 U.S. Dist. LEXIS 6534, at *20 (S.D.N.Y. Jan. 29, 2007) (citing *Hill*, 312 F. Supp. 2d at 472); *see also McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 214 (2d Cir. 2006). This period begins to run for each discrete discriminatory act when each such act occurs. *See Hill*, 312 F. Supp. 2d at 472.

Defendant argues that because plaintiff did not file a charge with the EEOC until 2006 – over eight years after she retired – her ADEA claim is time-barred. In opposition, plaintiff argues that the statute of limitations for her claim did not solely start when she retired. Instead, plaintiff argues, pursuant to

the Supreme Court's analysis in *Ledbetter v. Goodyear Tire and Rubber Co.*, 127 S.Ct. 2162 (2007), that a new limitations period starts each time she receives a payment of her health benefit costs under the plan. Thus, according to plaintiff, because she continues to receive such payments on a monthly basis, her claim is not time-barred. The Court agrees and concludes that the holding in *Ledbetter* precludes dismissal of plaintiff's claim at this juncture.

The plaintiff in *Ledbetter* argued that her Title VII claim was not time barred because a new violation of that statute occurred each time she was adversely affected by a single discriminatory act in the past. *Id.* at 2169. Specifically, the plaintiff in *Ledbetter* alleged that her employer determined pay based on performance evaluations, and that she received a negative employment evaluation based on her gender. *Id.* at 2166. Although the last pay decision her employer made took place more than 300 days before she filed a charge with the EEOC, plaintiff argued that each paycheck she received that was lower than it would have been without the discriminatory evaluation was a fresh violation triggering a new limitations period. *Id.* at 2166.

However, the Supreme Court disagreed, stating: "A new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination." *Id.* at 2169. Nevertheless, the Supreme Court noted that Ledbetter's paychecks may have re-triggered the limitations period if her employer had "issue[d] paychecks using a discriminatory pay structure." *Id.* at 2175. In so noting, the Supreme Court explicitly distinguished the facts in *Ledbetter* from those in an earlier case: *Bazemore v. Friday*, 478 U.S. 385 (1986) (*per curiam*). In particular, "the Court distinguished *Bazemore* because the Plaintiff in *Ledbetter* had not adduced evidence that Goodyear initially adopted its performance-based pay system in order to discriminate on the basis of sex or that it later applied this system to her within the charging period with any discriminatory animus." *Mavrinac v. Emergency Med. Assoc. of Pittsburgh*, No. 04-1880, 2007 U.S. Dist. LEXIS 73526, at *23 (W.D. Pa. Oct. 2, 2007) (citing *Ledbetter*, 127 S.Ct. at 2174). Thus, consistent with *Bazemore*, the Court in *Ledbetter* defined a non-discriminatory pay structure as one that is "facially nondiscriminatory and neutrally applied." *Id.* (citation and quotation marks omitted); *see also Mavrinac*, 2007 U.S. Dist. LEXIS 73526, at *22-*23 ("The Supreme Court's decision in *Ledbetter* . . . held that each paycheck only constitutes a new act of discrimination where an employer adopts and retains a facially discriminatory pay structure.").

Here, therefore, because plaintiff alleges a discriminatory benefit structure in connection with the District's retirement incentive plan, defendant would have to show that this structure was both facially nondiscriminatory and applied neutrally – as a matter of law – in order to prevail on this motion. In the instant case, after reviewing the plan (which sets forth a benefit structure based upon age), the Court cannot conclude that it is facially nondiscriminatory, nor is there a basis to conclude at this juncture that it has been neutrally applied.[1] Thus, the Court declines to

---

[1] The Court is aware that, in reviewing a motion to dismiss, "the district court is normally required to look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). However, the Court may consider

dismiss plaintiff's case on timeliness grounds. *See Mavrinac*, 2007 U.S. Dist. LEXIS 73526, at *23 (refusing to dismiss discrimination claim under *Ledbetter*).

### B. Waiver

Defendant further argues that plaintiff voluntarily opted into a retirement incentive plan, offered by New York State, that provided less coverage of health benefit costs for her and her husband. Defendant argues, therefore, that plaintiff has waived her claim and is estopped from arguing that the incentive plan is discriminatory. In opposition, plaintiff argues that (1) any waiver of her rights under the ADEA would have had to comport with the Older Workers Benefits Protection Act, 29 U.S.C. § 626 (the "OWBPA"), and (2) because the complaint does not establish that defendant complied with this statute, the Court should not dismiss her claim before discovery. For the reasons set forth below, the Court agrees with plaintiff and concludes that any waiver arguments cannot be decided in this case under the motion to dismiss standard.

The OWBPA provides that "'[a]n individual may not waive any right or claim under this chapter unless the waiver is knowing and voluntary.'" *EEOC v. Johnson & Higgins, Inc.*, 91 F.3d 1529, 1536 n.3 (2d Cir. 1996), *cert. denied* 522 U.S. 808 (1997) (quoting 29 U.S.C. § 626(f)(1)). The Act also sets forth certain "minimum" requirements for a waiver to be knowing and voluntary, including for waivers made under an incentive plan such as that at issue here. 29 U.S.C. §§ 626(f)(1), (f)(1)(F).

Even assuming *arguendo* that the District has complied with the minimum requirements set forth in the statute, the Court cannot determine that the waiver was knowing and voluntary at this juncture. "[N]onstatutory circumstances, such as fraud, duress, or coercion in connection with the execution of the waiver, may render an ADEA waiver not 'knowing and voluntary.'" *Griffin v. Kraft Gen. Foods*, 62 F.3d 368, 373-74 (10th Cir. 1995) ("Although the employees argued before the district court that it should consider a number of nonstatutory factors, the district court did not do so. We therefore leave it for the district court to consider on remand whether under the totality of the circumstances the waiver was valid."). The Court is aware that the release contains a provision that plaintiff was not "coerced or encouraged to participate in the incentive." (Def.'s Exh. A at Appx. K.) However, the plaintiff must have the opportunity to conduct discovery in this case in order for the Court to determine whether the waiver was knowing and voluntary under the totality of the circumstances.[2]

---

a document not appended to the complaint if the document is "incorporated in [the complaint] by reference" or is a document "upon which [the complaint] *solely* relies and . . . is *integral to the complaint*." *Id.* (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)). Here, the incentive plan and waiver – which defendant appended to its motion papers – are clearly incorporated in the complaint by reference and are integral to the complaint. Thus, the Court has considered them in the instant motion.

---

[2] To the extent defendant also argues that the doctrine of laches precludes plaintiff's claims, that issue also depends on various facts and circumstances that cannot be decided in this case based upon a review of the complaint and documents referenced therein.

C. The ADEA

In its motion papers, defendants also make a conclusory one-sentence argument that the claims must be dismissed because the retirement incentive at issue here was valid under the ADA. In making this argument, defendant simply cites the Second Circuit's holding in *Auerbach v. Board of Education of the Harborfields Central School District of Greenlawn*, 136 F.3d 104 (2d Cir. 1998), with no analysis or argument as the application of *Auerbach* to the instant case. (Def.'s Mem. at 9.) In its reply papers, defendant barely elaborates on this argument, simply stating that the plan is not based on retirement age, but on years of service. (Def.'s Reply at 3.) The Court rejects these arguments.

In *Auerbach,* the Second Circuit found that the plaintiff teachers had met the minimal burden of establishing a prima facie case of age discrimination under the ADEA with respect to the retirement incentive plan because it was clear that "age, not years of service, is the factor behind the disparate treatment of teachers." 136 F.3d at 110; *see also Abrahamson v. Bd. of Educ. of the Wappingers Falls Cent. Sch. Dist.,* 374 F.3d 66, 72 (2d Cir. 2004) ("In considering whether the plan discriminated on the basis of age, we concluded [in *Auerbach*] that, because teachers who were over the age of 55 but had not retired in the precise year they became eligible were barred from the retirement benefit while teachers under the age of 55 who had fulfilled the plan's service requirements still have the future option of receiving the benefit, age is a trigger for the denial of [the teacher's] employee benefits. Consequently, we held that the teachers in *Auerbach* had established discrimination on the basis of age.") (citation and quotation marks omitted).

The Court in *Auerbach* noted that "[u]nder the Older Workers' Protection Act, once the plaintiff has set forth a *prima facie* case of age discrimination, the defendant bears the burden of establishing that the early retirement incentive plan is voluntary and comports with the purposes of the ADEA." 136 F.3d at 112 (citation omitted). The Second Circuit then explained how a court should analyze the "furthers the purpose of the Act" requirement:

> Whether such a plan "furthers the purposes of the Act" is ultimately an inquiry to be made on a case-by-case basis taking into account all of the relevant facts and circumstances. . . . A court examining the validity of these plans should consider whether the plan (1) is truly voluntary, (2) is made available for a reasonable period of time, and (3) does not arbitrarily discriminate on the basis of age.

136 F.3d at 112-13. Applying these facts, the Court concluded that "the subject retirement incentive plan does not arbitrarily discriminate on the basis of age among early retirees who choose this option because it does not diminish benefits as the age of its participants increases." *Id.* at 114.

In the instant case, the Court is unable to conclude at this juncture that the early incentive plan at issue falls within the safe harbor provision of the ADEA and the OWBPA. Instead, as the Second Circuit noted in *Auerbach,* this issue must be analyzed on a "case-by-case basis, taking into account all of the relevant facts and circumstances." *Id.* at 112. All of the facts

5

and circumstances surrounding the plan at issue here, and its application, are not available to this Court at this juncture based simply upon the complaint and documents referenced therein. Therefore, *Auerbach* does not provide a basis to dismiss the claims as a matter of law at this juncture.[3]

III. CONCLUSION

Defendant's motion to dismiss is denied. The parties shall begin discovery under the instruction of Magistrate Judge Lindsay.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 22, 2008
Central Islip, New York

\* \* \*

Plaintiff is represented by David M. Lira, Esq., 595 Stewart Avenue, Suite 510, Garden City, New York, 11530. Defendant is represented by Thomas M. Volz, Esq., of Guercio & Guercio, 77 Conklin Street, Farmingdale, New York, 11735.

---

[3] Of course, once discovery is complete, defendant will have a right to move for summary judgment if it believes such a motion is warranted.

6